UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA ANN ACIERNO,

      Plaintiff,

v.                                                          Case No.:   8:24-cv-02470-KKM-NHA

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

                             /

## REPORT AND RECOMMENDATIONS

I respectfully recommend that Plaintiff's Unopposed Motion for Attorney's Fees, brought pursuant to the Equal Access to Justice Act ("EAJA"), (Doc. 26) be granted, and that Plaintiff be awarded a $12,000 attorney's fee and $405 in costs.

On February 18, 2026, the Court entered an order pursuant to sentence four of 42 U.S.C. § 405(g), reversing and remanding the Commissioner's decision against Plaintiff. Doc. 23. The Clerk then entered judgment in Plaintiff's favor. Doc. 24. Plaintiff now requests a $12,000 attorney's fee and $405 in costs. Doc. 26 p. 5.

A plaintiff is entitled to an attorney's fee under the EAJA, if five conditions are established: (1) the plaintiff timely applied for an attorney's fee;

(2) the plaintiff's net worth was less than $2 million at the time the Complaint was filed; (3) the plaintiff was the prevailing party in a non-tort suit involving the United States; (4) the position of the United States was not substantially justified; and (5) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990). A defendant bears the burden of demonstrating both that its position was substantially justified and that special circumstances make the award unjust. *United States v. Aisenberg*, 358 F.3d 1327, 1339 n. 18 (11th Cir. 2004).

Here, Plaintiff timely filed her application for EAJA fees on April 13, 2026, which was within 30 days of the date the judgment became final.[1] Docs. 24, 26. Plaintiff alleges she had a net worth of less than $2 million at the time her Complaint was filed. Doc. 26 ¶ 2. Plaintiff was the prevailing party in this action. Doc. 23; *see also* 28 U.S.C. § 2412(d)(1)(A); *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Further, Plaintiff contends that Defendant's position was not substantially justified, and that no special circumstances would make an award of an attorney's fee unjust in this instance. Doc. 26 ¶¶ 3-4; *see* 28 U.S.C. § 2412(d)(1)(A). Defendant does not

---

[1] The judgment becomes final after the 60-day appeal window closes; thus, the plaintiff in a social security case has 90 days after the judgment to move for fees. See 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); FED. R. APP. P. 4(a)(1)(B).

challenge these contentions. Indeed, Defendant does not oppose the motion. Doc. 26 ¶ 7.

The amount to be awarded in EAJA fees is decided under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

Plaintiff seeks an attorney's fee of $12,000. This amount is based on Plaintiff's attorney spending 59.5 hours on the case at an hourly rate of $250.59, and then reducing that amount by approximately 20% as a compromise with Defendant. Doc. 26 ¶¶ 4-5; Doc. 26-1. I find the fee request to be reasonable given Defendant's lack of objection, the hours reasonably associated with Plaintiff's attorney's efforts to prosecute the case,[2] and the fair hourly rate. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (stating that "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment

---

[2] Plaintiff's attorney filed a Complaint (Doc. 1), reviewed the 4,354-page record (Doc. 15), and submitted a 26-page opening brief (Doc. 15) and a 9-page reply brief (Doc. 21).

either with or without the aid of witnesses as to value.") (quotation omitted).

Additionally, court costs and expenses are compensable under the EAJA to "reimburs[e] . . . the prevailing party for the costs incurred . . . in the litigation." 28 U.S.C. § 2412(a)(1), (d)(1)(A). Plaintiff is therefore entitled to recover the $405 federal filing fee.

If Plaintiff has no discernable federal debt, the government would accept Plaintiff's assignment of EAJA fees (Doc. 26-2) and pay the fees directly to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010) (discussing the government's practice to make direct payment of fees to attorneys only in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney").

Accordingly, I respectfully RECOMMEND:

1. Plaintiff's unopposed Motion for Attorney's Fees Pursuant to the EAJA (Doc. 26) be granted.

2. Plaintiff be awarded a $12,000 attorney's fee and $405 in costs.

3. The Clerk be directed to enter an amended judgment accordingly.

SUBMITTED in Tampa, Florida, on April 13, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge

4

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.